**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| [1] JERRY WELLS, on Behalf of Himself and all others Similarly Situated,<br><br>                    Plaintiff,<br><br>      vs.<br><br>[1] SAMSUNG ELECTRONICS AMERICA, INC.,<br>[2] SAMSUNG ELECTRONICS CO., LTD.,<br><br>                    Defendants. | Case No.:   CIV-17-46-D<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Jerry Wells ("Plaintiff" or "Wells"), by his attorneys, on behalf of himself and the Class set forth below, allege the following upon information and belief, except for those allegations that pertain to Plaintiff, which are based on Plaintiff's respective personal knowledge:

**NATURE OF THE ACTION**

1.      This action relates to certain defective Samsung home washing machines which have an inherently dangerous defect—they "explode" or suffer catastrophic failure during a given machine's normal usage because of a design defect and/or manufacturing flaw.

2.      On or about November 16, 2012, Wells purchased one of the subject Samsung washing machines (i.e., Model number WA456DRHDWR/AA; Serial number YOIX5AEC901647W) from Lowe's in Edmond, Oklahoma.

3.    On November 4, 2016, Samsung began a recall (Recall number: 17-028) of thirty-four (34) distinct models (the "Recalled Washing Machines"), all being models of Samsung top-load washing machines, including the model purchased by Wells as is set forth above.  A listing of the model numbers for the Recalled Washing Machines is attached hereto as Exhibit 1.  The stated reason for the recall is that "[t]he [Samsung] washing machine top can unexpectedly detach from the washing machine chassis during use, posing a risk of injury from impact."  The recall bulletin further notes that "Samsung has received 733 reports of washing machines experiencing excessive vibration or the top detaching from the washing machine chassis.  There are nine related reports of injuries, including a broken jaw, injured shoulder, and other impact or fall-related injuries."  *See*, https://www.cpsc.gov/recalls/2017/samsung-recalls-top-load-washing-machines.

4.    The remedies provided in Samsung's recall bulletin allow consumers the option of any one of the following: (i) an in-home repair that includes reinforcement of the washer's top and a free one-year extension of the manufacturer's warranty; (ii) a rebate to be applied towards the purchase of a new Samsung or other brand washing machine, along with free installation of the new unit and removal of old unit; or (iii) a full refund for consumers who purchased their washing machine within the past 30 days of the recall announcement.  See, *id.*  In Wells' circumstance, the third option was unavailable because of the passage of time; and the second option, a rebate, would have provided Wells only $250.00 of compensation toward his purchase of a $509 defective Samsung washing machine.  Thus, Wells initially attempted to obtain the "in-home repair that includes reinforcement of the washer's top."  However, despite numerous attempts at scheduling

the in-home modification of his Samsung washing machine, Wells was unable to get Samsung to send a repair person out to repair the washing machine. On three different occasions, Wells scheduled appointments through Samsung to have the in-home modification completed on his Samsung washing machine, and each time Samsung's repair person failed to keep the appointment. Samsung's inability to send a repairman to complete the repair on Wells' Samsung washing machine was odd, as Wells' machine had needed repairs while under warranty from Samsung before, and Samsung had made the repairs quickly and efficiently. As a result, it seemed that Samsung was intentionally cancelling repair of Wells' Samsung washing machine so that he would be forced to use the rebate, to purchase another Samsung washing machine, thereby creating business for Samsung and saving them money on paying for repairs.

5.      Wells brings this action on behalf of himself and other purchasers of the Recalled Washing Machines sold to consumers in the United States, its possessions, or territories from March 2011 to November 2016.  Wells seeks relief in the form of (i) an injunction enjoining Samsung from any further sales of the Recalled Washing Machines, and to take such other remedial action as may be otherwise requested herein; and (ii) money damages to adequately and reasonably compensate owners of the Recalled Washing Machines who have through no fault of their own purchased defective and dangerous Samsung washing machines.

## PARTIES

6.      Plaintiff Jerry Wells is a citizen of the State of Oklahoma, and is a resident of this District in Edmond, Oklahoma.

7.    Defendant Samsung Electronics Co., Ltd. is a South Korean corporation located in Seoul, South Korea.  On information, and belief, Samsung Electronics Co., Ltd. designs, manufactures, and distributes the Recalled Washing Machines as described herein for sale in this District.  At all times relevant hereto, Samsung Electronics Co., Ltd. was in the business of distributing, marketing, promoting, and selling the Recalled Washing Machines described herein throughout the United States and in this District.  Thus, Samsung Electronics Co., Ltd. purposely directed its conduct toward this District and at all times relevant engaged in a continuous course of business in this District by selling thousands of its washing machines and other consumer goods in this District every year.

8.    Defendant Samsung Electronics America, Inc. is a New York corporation that is a wholly-owned subsidiary of Samsung Electronics Co., Ltd., with its headquarters in Ridgefield Park, New Jersey.  Samsung Electronics America, Inc. is the warrantor of the products designed, manufactured, and distributed by Samsung Electronics Co., Ltd., and acts as Samsung Electronics Co., Ltd.'s agent in the processing of warranty claims related to defects in the manufacturing or materials used by Samsung Electronics Co., Ltd. during the manufacturing process.  At all times relevant hereto, Samsung Electronics America, Inc. was in the business of distributing, marketing, promoting, and selling the Recalled Washing Machines described herein throughout the United States and in this District. Samsung Electronics America, Inc. resides in and engages in a continuous course of business in this District, and based upon information and belief sells thousands of washing machines and other consumer goods in this District on an annual basis.  Defendants

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. are referred to collectively herein as "Samsung."

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction over this class action pursuant to 28 U.S.C. §1332(d)(2).  The claims of the Class members in this class action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, and the total number of members of the proposed Class is believed to be greater than 100.

10.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, Wells reside in this District, and the Defendants are subject to jurisdiction here and regularly conduct business in this District.

## FACTUAL ALLEGATIONS

11.     In November 2012, Plaintiff Wells purchased one of the Samsung's Recalled Washing Machines (i.e., Model number WA456DRHDWR/AA; Serial number YOIX5AEC901647W) from Lowe's in Edmond, Oklahoma.

12.     For the most part, Wells' Samsung washing machine performed fine, but it did require two repairs while it was still covered by the manufacturer's warranty. In May 2013, Wells Samsung washing machine required repairs, so they contacted Samsung to arrange service under their warranty. Samsung quickly responded, completing more than $700 in repairs to the Samsung washing machine.

13.     On November 4, 2016, Samsung announced a "recall involve[ing] 34 models of Samsung top-load washing machines.  The Recalled Washing Machines have mid-

controls or rear-controls. [The model numbers and serial information can be found on two labels affixed to the back of the machine." https://www.cpsc.gov/recalls/2017/samsung-recalls-top-load-washing-machines. The Recalled Washing Machines are detailed by model number on Exhibit A hereto. The stated reason for the recall is that "[t]he [Samsung] washing machine top can unexpectedly detach from the washing machine chassis during use, posing a risk of injury from impact." The recall bulletin further notes that "Samsung has received 733 reports of washing machines experiencing excessive vibration or the top detaching from the washing machine chassis. There are nine related reports of injuries, including a broken jaw, injured shoulder, and other impact or fall-related injuries." See, *id*.

14.     Wells purchased his Samsung washing machine new, and it was in excellent condition and without any perceivable damage or defect aside from the repairs done in May 2013 by Samsung's contracted repair company. Moreover, Wells has used this Samsung washing machine solely for its intended purpose as a personal home appliance. Wells has operated his Samsung washing machine with minimal problems or malfunctions and, prior to the recall, Wells successfully made two warranty claims, having minor warranty repairs made to his machine.

15.     Samsung's recall allowed owners of Recalled Washing Machines the option of any one of the following: (i) an in-home repair that includes reinforcement of the washer's top and a free one-year extension of the manufacturer's warranty; (ii) a rebate to be applied towards the purchase of a new Samsung or other brand washing machine, along with free installation of the new unit and removal of old unit; or (iii) a full refund for

consumers who purchased their washing machine within the past 30 days of the recall announcement. See, *id*. In Wells' circumstance, the third option was unavailable because of the passage of time; and the second option, a rebate, would have provided Wells only about half of his original purchase price of his defective Samsung washing machine, or one third of the purchase price of a similar model from another manufacturer. Thus, Wells initially attempted to obtain the "in-home repair that includes reinforcement of the washer's top." However, Wells has been scheduled for the in-home modification of his Samsung washing machine for each of November 18, 2016, December 9, 2016, and December 12, 2016 but, in each such instance, Samsung (or its agent) never appeared at Wells' residence to make the in-home modification of Wells' Samsung washing machine, which to the present date still has not occurred. On information and belief, Samsung has not been able to timely make the in-home modifications described in Samsung's November 4, 2016 recall notice as to the Recalled Washing Machines generally.

16.    After learning of Samsung's recall of the Recalled Washing Machines, Wells has not used his Samsung washing machine because of the danger posed from potentially having his washing machine "explode" during normal use. In addition to being without a washing machine since November 2016, Wells has spent countless hours on the phone with Samsung attempting to have his defective washing machine repaired or replaced.

## THE RECALLED WASHING MACHINES

55.    The Recalled Washing Machines at issue in this action all have high-speed "direct-drive" mechanisms that spin the washer tub at speeds of approximately 1100 revolutions per minute. The framing and dampening system of the Recalled Washing

Machines is inadequate to withstand the force generated by each such machine's direct drive system.

56.    The models of Samsung's Recalled Washing Machines include the following:

| | | |
|---|---|---|
| WA40J3000AW/A2 | WA45H7000AP/A2 | WA45H7000AW/A2 |
| WA45H7200AW/A2 | WA45K7600AW/A2 | WA45K7100AW/A2 |
| WA48H7400AW/A2 | WA48J7700AW/A2 | WA48J7770AP/A2 |
| WA48J7770AW/A2 | WA50K8600AV/A2 | WA50K8600AW/A2 |
| WA52J8700AP/A2 | WA52J8700AW/A2 | WA400PJHDWR/AA |
| WA422PRHDWR/AA | WA456DRHDSU/AA | WA456DRHDWR/AA |
| WA476DSHASU/A1 | WA476DSHAWR/A1 | WA484DSHASU/A1 |
| WA484DSHAWR/A1 | WA48H7400AP/A2 | WA50F9A6DSW/A2 |
| WA50F9A7DSP/A2 | WA50F9A7DSW/A2 | WA50F9A8DSP/A2 |
| WA50F9A8DSW/A2 | WA52J8060AW/A2 | WA5451ANW/XAA |
| WA5471ABP/XAA | WA5471ABW/XAA | WA56H9000AP/A2 |
| WA56H9000AW/A2 | | |

57.    The Recalled Washing Machines at issue here range in price from approximately $450.00 to $1500.00 and come with an express, one-year manufacturer's warranty.

58.    As explained above, this case involves Recalled Washing Machines that, in many instances, "explode." When the Recalled Washing Machines explode, they do so with such force that the machines are irreparably damaged. Indeed, the force of the explosion is capable of seriously injuring people and damaging property, rendering the Recalled Washing Machines unsafe for ordinary use. Because of the inherent safety risk, the recall now includes a "Home Label Kit" or stickers that state that "consumers should only use the delicate or waterproof cycles when washing bedding, water-resistant and bulky

items.  The lower spin speed in the delicate or waterproof cycles lessens the risk of the washing machine top unexpectedly detaching from the washing machine chassis."  See, *id*.

59.     The defects in the Recalled Washing Machines are latent defects respecting the design of the machines and/or the manufacturing process related to the Recalled Washing Machines and such defects would not reasonably be discoverable by consumers when purchasing any of the Recalled Washing Machines.  These latent defects relate principally to the Recalled Washing Machines having structural and design defects in their framing and dampening systems which can cause the tubs to loosen and become projectiles over time.  Such defects in the Recalled Washing Machines only manifest only after the point of sale and often outside of Samsung's express warranty period of one year.

70.     In selling the Recalled Washing Machines, Samsung provided a uniform, express one-year factory warranty against manufacturing defects in materials and workmanship.  This express warranty further protects against defects in the tub for three years, as well as defects in the direct drive system for 10 years.  The warranty for the Recalled Washing Machines is offered on a take-it-or-leave-it basis, and consumers are not afforded an opportunity to negotiate for more favorable terms in the warranty because of the parties' relative bargaining power. In addition to the express warranty described above, Samsung marketed, advertised, and warranted that the Recalled Washing Machines were of merchantable quality and fit for their intended purpose.  Samsung further marketed, advertised, and warranted that the Recalled Washing Machines were free from defects and the Recalled Washing Machines did not pose an unreasonable risk to persons or property.

71.      Samsung knew that the Recalled Washing Machines were prone to explosion and, therefore, that the Recalled Washing Machines were inherently defective, unmerchantable and unfit for their intended use.  Since as early as 2011, Samsung received high numbers of consumer complaints related to the Recalled Washing Machines for problems with their spin cycles, high vibrations, breaking springs, and even explosions related to the Recalled Washing Machines' spin cycles.  Moreover,  Samsung has known that the exploding Washing Machines in fact cause actual physical injury to consumers since no later than approximately October 24, 2013, when a woman in California was physically injured by a Samsung Washing Machine explosion, leading Samsung to inspect her washing machine on November 22, 2013.

## CLASS ALLEGATIONS

72.      Wells brings this suit as a class action on behalf of himself and on behalf of others similarly situated pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and/or 23(b)(3) (the "Class").  The proposed Class consists of:

> All residents of the United States and its territories or possessions who purchased a new Recalled Washing Machine or otherwise acquired a Recalled Washing Machine from March 2011 to November 2016, primarily for household use and not for resale.

73.      Wells also bring this suit as a class action on behalf of the following subclass ("Oklahoma State Subclass"):

> All residents of the State of Oklahoma who purchased a new Recalled Washing Machine or otherwise acquired a Recalled Washing Machine from March 2011 to November 2016, primarily for household use and not for resale.

74.    Unless otherwise indicated, the Class and the Oklahoma Subclass are referred to herein jointly as the "Class."

75.    The members of the Class are so numerous that joinder is impracticable. Samsung is one of the largest manufacturers of residential washing machines in the world and it sells many thousands of residential washing machines annually in the State of Oklahoma through retailers such as Lowes and Sears.

76.    Wells' claims are typical of the claims of the entire Class because Wells purchased and now owns a new Recalled Washing Machine, which Wells purchased in 2012 from a Lowes store in Edmond, Oklahoma.

77.    Wells will fairly and adequately represent and protect the interests of the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4).  Wells has no interests antagonistic to those of other Class members.  Wells is committed to the vigorous prosecution of this action and have retained counsel experienced in litigation of this nature to represent them.

78.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class, including, but not limited to:

a.    whether the Recalled Washing Machines pose unreasonable safety risks to consumers;

b.    whether Samsung knew, or should have known, that the products it sold into the stream of commerce pose unreasonable safety risks to consumers;

c.    whether Samsung concealed the safety risks the Recalled Washing Machines pose to consumers;

d.    whether the safety risks the Recalled Washing Machines pose to consumers constitute material facts that reasonable purchasers would have considered in deciding whether to purchase a washing machine;

e.    whether the Recalled Washing Machines possess material defects;

f.    whether Samsung knew or should have known of the inherent defects in the Recalled Washing Machines when it placed them into the stream of commerce;

g.    whether Samsung concealed the defects from consumers;

h.    whether the existence of the defects are material facts reasonable purchasers would have considered in deciding whether to purchase a washing machine;

i.    whether the Recalled Washing Machines are merchantable;

j.    whether the Recalled Washing Machines are fit for their intended use;

k.    whether Samsung was unjustly enriched by the sale of defective Recalled Washing  Machines to the Plaintiff class;

l.    whether any false warranties, misrepresentations, and material omissions by Samsung concerning its defective Recalled Washing Machines caused Class Members' injuries; and

m.    whether Samsung should be enjoined from further sales of the Recalled Washing Machines.

79.    Class certification under Federal Rule of Civil Procedure 23(b)(3) is superior to other available methods for the fair and efficient adjudication of this controversy.  Since

the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged. Wells knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

80.     Class members have suffered and will suffer irreparable harm and damages as a result of Samsung's wrongful conduct.

## FIRST CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

81.     Wells re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

82.     The Recalled Washing Machines owned by Wells and Class Members were defectively designed and manufactured and pose serious and immediate safety risks to consumers and the public.

83.     These defects were present in such machines at the point of sale of the Recalled Washing Machines.

84.     Such defects place consumers and the public at serious risk for their own safety when the Recalled Washing Machines are used in consumers' homes.

85.     At all times relevant hereto, Samsung was under a duty imposed by law requiring that a manufacturer's product be reasonably fit for the ordinary purposes for which the product is used, and that the product be acceptable in trade for the product

description. This implied warranty of merchantability is part of the basis for the bargain between Samsung, on the one hand, and Wells and Class Members, on the other.

86.    Notwithstanding the aforementioned duty, at the time of delivery, Samsung breached the implied warranty of merchantability in that the Recalled Washing Machines were defective and posed a serious safety risk at the time of sale, would not pass without objection, are not fit for the ordinary purposes for which such goods are used (safely washing clothes in a residential setting), and failed to conform to the standard performance of like products used in the trade.

87.    Samsung knew or should have known that the Recalled Washing Machines pose a safety risk and are defective and knew or should have known that selling the Recalled Washing Machines to Wells and Class Members constituted a breach of the implied warranty of merchantability.

88.    As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Wells and Class Members bought the Recalled Washing Machines without knowledge of their defects or their serious safety risks.

89.    As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Wells and Class Members purchased unsafe products which could not be used for their intended purpose including washing bedding, water-resistant items, and bulky items in a residential setting.

90.    As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Wells and Class Members have suffered damages and did not receive the benefit of their bargain.

91.     Samsung was unjustly enriched by keeping the profits for its unsafe products while never having to incur the cost of repair, replacement, retrofit, or a recall.

92.     Warranty disclaimers are unconscionable where, as here, class members have no meaningful choice in determining the terms of a warranty, there is a gross disparity of power between the Class Members and the manufacturer, the terms of the warranty favor the manufacturer over the buyer, and the manufacturer had knowledge of the product's defects.

93.     Furthermore, warranty disclaimers are unenforceable where the terms are inconspicuous and the consumer was not aware of their existence.

94.     The Uniform Commercial code provides that "negation or limitation is inoperative to the extent that such construction is unreasonable."  See, 12A O.S. § 2-316 (2011).  Moreover, Samsung never required consumers to acknowledge acceptance or receipt of the purported limitation on warranties.  Accordingly, it is unreasonable to limit Wells and the Class Members' warranties without adequate notice of the limitation.

95.     Samsung is estopped from claiming as a defense the limitation on implied warranties as it exists in its warranty to consumers as the limitation, as described herein, is unconscionable.

96.     The defectively designed Recalled Washing Machines purchased by Wells and all other Class Members are unfit for their intended and ordinary purposes because they are prone to break and even explode when operated as instructed and intended by Samsung.

97.    As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Wells and all the Class Members have suffered loss.

## SECOND CAUSE OF ACTION
### STRICT LIABILITY

98.    Wells re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

99.    Samsung is engaged in the business of designing, manufacturing, distributing, advertising, marketing, promoting, and/or selling home appliances, and did design, manufacture, distribute, advertise, market, promote and/or sell the Recalled Washing Machines at issue herein.

100.    Samsung's Washing Machines were expected to and did reach Wells and Class Members without substantial change in the condition in which they were manufactured, sold and distributed.

101.    The Recalled Washing Machines were in a defective and unreasonably dangerous condition when they left Samsung's possession or control in that, under normal conditions, usage and applications, they could not withstand the use for which they were intended.

102.    Wells and Class Members used the subject Washing Machines in a manner reasonably intended by Samsung.

103.    The Recalled Washing Machines were defective because they were not safe for ordinary and intended use; Samsung failed to provide Wells and Class Members either directly or indirectly, with adequate and sufficient warning regarding the known or

foreseeable risks and dangers inherent in the Recalled Washing Machines; the Recalled Washing Machines contained material design, materials, and manufacturing defects and were not reasonably safe due to such defects; the design, methods of manufacture, and testing of the Recalled Washing Machines did not conform to generally recognized and prevailing standards or the state of the art in existence at the time the design was made and the Recalled Washing Machines were manufactured; and at the time the Recalled Washing Machines left Samsung's control, the foreseeable risks associated with the Recalled Washing Machines' design exceeded the benefits associated with that design.

104.    Wells and Class Members have suffered property damage and other incidental and consequential damages as a direct and proximate result of the defective condition.

105.    Samsung acted with malice, oppression and/or fraud, and in conscious and flagrant disregard of the safety of their consumers, by manufacturing and selling the Recalled Washing Machines known to them to be defective and unreasonably dangerous. As alleged, Samsung knew or should have known that the Defects would cause their washing machines to fail, flood, damage the Recalled Washing Machine and other property, and threaten the personal safety of consumers. Samsung knew or was repeatedly informed of the serious defects in the Recalled Washing Machines, yet failed to take any remedial action and instead continued to sell this defective product. Given Samsung's conscious disregard for the safety of the public, Wells and Class Members seek exemplary or punitive damages.

## THIRD CAUSE OF ACTION
### NEGLIGENCE

106.    Wells re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

107.    Samsung owed a duty to Wells and Class Members to design, manufacture, produce, test, inspect, market, distribute, and sell the Recalled Washing Machines with reasonable care and in a workmanlike fashion, and had a duty to protect Wells and Class Members from foreseeable and unreasonable risk of harm. Samsung breached that duty by, among other things, defectively designing, manufacturing, testing, inspecting and distributing the Recalled Washing Machines.

108.    Samsung unreasonably failed to provide appropriate and adequate warnings and instructions about its defective Washing Machines, and this failure was a proximate cause of the harm for which damages are sought. In addition, at the time the Recalled Washing Machines left its control, Samsung knew, or in the exercise of reasonable care should have known, its defective Washing Machines posed a substantial risk of harm to the life and property of its customers. Samsung knew, or in the exercise of reasonable care should have known, the Recalled Washing Machines it designed, manufactured, produced, tested, inspected, marketed, distributed, and sold, created an unreasonable safety risk and would fail to perform as intended.

109.    Samsung acted unreasonably in designing the Recalled Washing Machines, and this conduct was a proximate cause of the harm for which damages are sought. Further, at the time the Recalled Washing Machines left the control of Samsung, it unreasonably

failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design that could then have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the Washing Machines. Furthermore, at the time the Recalled Washing Machines left the control of Samsung, their design was so defective that a reasonable person, aware of the relevant facts, would not use or purchase a Washing Machine of this design.

110.     Samsung knew, or in the exercise of reasonable care should have known, that the Recalled Washing Machines created unreasonable safety risks. Samsung further knew, or in the exercise of reasonable care should have known, that the Recalled Washing Machines could cause property damage, personal injury, and/or death.

111.     Based on this knowledge, Samsung had a duty to disclose to the Wells and Class Members the serious safety risks posed by the Recalled Washing Machines and a duty to disclose the defective nature of the Recalled Washing Machines.

112.     Samsung had a further duty not to put the defective Washing Machines on the market and has a continuing duty to replace its unsafe Washing Machines, remove its unsafe Washing Machines from the market and seek a recall from consumers.

113.     Samsung failed to exercise reasonable care with respect to the design, manufacture, production, testing, inspection, marketing, distribution and sale of the Recalled Washing Machines by, among other things, failing to design and manufacture the Recalled Washing Machines in a manner to ensure that, under normal intended usage, they would not pose unreasonable risk to life and property.

114.    Samsung failed to exercise reasonable care in failing to warn or to warn adequately and sufficiently, either directly or indirectly, Wells and Class Members of the Defects in the Recalled Washing Machines.

115.    Samsung failed to exercise reasonable care when it knew of the safety risks the Washing Machines posed and actively concealed those risks from Wells and Class Members.

116.    Samsung failed to exercise reasonable care when it knew of the safety risks the Recalled Washing Machines posed and failed to replace, repair or recall Washing Machines it knew were unsafe and defective.

117.    As a direct and proximate result of Samsung's negligence, Wells and Class Members bought the Recalled Washing Machines without knowledge of their defective nature or of their serious safety risks.

118.    As a direct and proximate result of Samsung's negligence, Wells and Class Members purchased unsafe products which could not be used for their intended use.

119.    As a direct and proximate result of Samsung's negligence, Wells and Class Members have suffered damages.

120.    Wells and Class Members seek to recover the damage caused by Samsung. In addition, given Samsung's conscious disregard for the safety of Wells and Class Members, they also seek an award of exemplary damages.

## FOURTH CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY

121.    Wells re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

122.    Samsung is and was at all times relevant a merchant with respect to washing machines.

123.    As set forth above, Samsung had knowledge of the defects alleged herein and that they pose serious safety risks to consumers like Wells and Class Members.

124.    Despite that knowledge, at all times relevant, Samsung expressly warranted in writing that its Washing Machines were "warranted by SAMSUNG against manufacturing defects in materials and workmanship."

125.    In its warranty to customers, Samsung also warrants in writing that it provides the following warranties: one year parts and labor; two years control board parts; three years stainless steel tub part; and ten years motor components.

126.    The Recalled Washing Machines have inadequate framing and dampening systems to withstand the extreme forces generated by the direct drive system that powers the machines' drums, often allowing the Recalled Washing Machines to fail by having the tub become disassembled from the frame during a machine's "explosion."  Moreover, the unbalanced load warning is defective in that it fails to stop the Recalled Washing Machines' spin cycle before the machines explode.

127.    Alternatively, the limitations in Samsung's warranty are unconscionable as described herein.

128.    By selling Recalled Washing Machines containing these defects to consumers like Wells and Class Members after it gained knowledge of the defects, Samsung breached its express warranty to provide washing machines that were free from defects.

129.    Samsung also breached its express warranty to repair and correct material defects or component malfunctions in its Recalled Washing Machines when it failed to do so despite knowledge of the known defects and despite knowledge of alternative designs, alternative materials, and options for retrofits.

130.    The limited warranty of repair for the Recalled Washing Machines fails in its essential purpose because the contractual remedy is insufficient to make Wells and Class Members whole and because Samsung has refused to provide the promised remedies within a reasonable time.

131.    Also, as alleged in more detail herein, at the time Samsung warranted and sold the Recalled Washing Machines, it knew that the Recalled Washing Machines did not conform to the warranties and were inherently defective, and Samsung wrongfully and fraudulently misrepresented and concealed material facts regarding its Washing Machines.

132.    Accordingly, Wells and Class Members are not limited to the limited warranty of "repair" and Wells and Class Members seek all remedies allowed by law.

133.    As more fully detailed above, Samsung knew that Wells' washing machine was susceptible to malfunction but failed to provide defect-free washing machines to Wells or Class Members or to timely provide an adequate retrofit to remedy the Recalled Washing Machines.

134.    As more fully detailed above, Samsung was provided with notice and has been on notice of the defects and of its breach of express written warranties through its own internal and external testing as well as hundreds or thousands of consumer warranty claims reporting malfunctions in the Recalled Washing Machines, and customer complaints, yet it failed to repair, replace, or retrofit the Recalled Washing Machines to ensure they were free of materials defects or component malfunctions as Samsung promised.

135.    As a direct and proximate result of Samsung's breach of its express warranty, Wells and Class Members have suffered damages.

136.    Samsung has been unjustly enriched by keeping the profits from the sale of its unsafe washing machines while never having to incur the cost of repair.

### FIFTH CAUSE OF ACTION
### VIOLATIONS OF MAGNUSON-MOSS ACT
### (15.S.C. §§ 2301-2312)–WRITTEN WARRANTY

137.    Wells hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

138.    The Recalled Washing Machines are "consumer products," as that term is defined by 15 U.S.C. § 2301(1).

139.    Wells and Class Members are "consumers," as that term is defined by 15 U.S.C. § 2301(3).

140.    Samsung is a "warrantor" and "supplier," as those terms are defined by 15 U.S.C. § 2301(4) and (5).

141.    Samsung provided Wells and Class members with "written warranties," as that term is defined by 15 U.S.C. § 2301(6).

142.    In its capacity as warrantor, and by the conduct described herein, any attempts by Samsung to limit the express warranties in a manner that would exclude coverage of the Recalled Washing Machines is unconscionable and any such effort to disclaim, or otherwise limit, liability for the Recalled Washing Machines is null and void.

143.    All jurisdictional prerequisites have been satisfied.

144.    By Samsung's conduct as described herein, including Samsung's knowledge of the defective Washing Machines and their action, and inaction, in the face of that knowledge, Samsung has failed to comply with its obligations under its written and implied promises, warranties, and representations.

145.    As a result of Samsung's breach of express warranties, Wells and Class Members are entitled to revoke their acceptance of the Recalled Washing Machines, obtain damages and equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

## SIXTH CAUSE OF ACTION
### VIOLATIONS OF MAGNUSON-MOSS ACT
### (15.S.C. § § 2301-2312)—IMPLIED WARRANTY

146.    Wells hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

147.    Washing Machines are "consumer products," as that term is defined by 15 U.S.C. § 2301(1).

148.   Wells and Class members are "consumers," as that term is defined by 15 U.S.C. § 2301(3).

149.   Samsung is a "warrantor" and "supplier," as those terms are defined by 15 U.S.C. § 2301(4) and (5).

150.   Samsung provided Wells and Class Members with "implied warranties," as that term is defined by 15 U.S.C. § 2301(7).

151.   In its capacity as warrantor and by the conduct described herein, any attempt by Samsung to limit the implied warranties in a manner that would exclude coverage of the Recalled Washing Machines is unconscionable and any such effort to disclaim, or otherwise limit, liability for the Recalled Washing Machines is void.

152.   All jurisdictional prerequisites have been satisfied herein.

153.   By Samsung's conduct as described herein, including Samsung's knowledge of the defects contained within the Recalled Washing Machines and its action, and inaction, in the face of that knowledge, Samsung has failed to comply with its obligations under their written and implied promises, warranties, and representations.

154.   As a result of Samsung's breach of implied warranties, Wells and Class members are entitled to revoke their acceptance of the Recalled Washing Machines, obtain damages and equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

## SEVENTH CAUSE OF ACTION
## UNJUST ENRICHMENT

155.    Wells re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

156.    Samsung received proceeds from it's the sale of the defective Recalled Washing Machines, which were purchased by Wells and Class Members for an amount far greater than the reasonable value of such machines because of such machines' defective character.

157.    In exchange for the purchase price paid by Wells and Class Members, Samsung provided the defective Recalled Washing Machines that are likely to fail within their useful lives and pose a material risk of "exploding."  There is no reasonable or acceptable rate for washing machines to explode.  Such defects render the Recalled Washing Machines unfit, and indeed, unsafe for their intended use.

158.    Wells and Class Members reasonably believed that the Recalled Washing Machines would function as advertised and warranted, and did not know, nor could have known, that the Recalled Washing Machines contained latent defects at the time of purchase.

159.    Samsung knows of and appreciates the benefit conferred by Wells and Class Members and has retained that benefit notwithstanding its knowledge that the benefit is unjust.

160.    Under the circumstances, permitting Samsung to retain the proceeds and profits from the sales of the defective Washing Machines described herein would be unjust. Hence, Samsung should be required to disgorge this unjust enrichment.

### EIGHTH CAUSE OF ACTION
### VIOLATION OF STATE CONSUMER PROTECTION LAWS

161.    Wells re-allege and incorporate the preceding paragraphs as if fully set forth herein.

162.    Samsung's deceptive trade practices in, *inter alia*, misrepresenting the quality and character of the Recalled Washing Machines violate the following state consumer statutes:

a.    The Alabama Deceptive Trade Practices Act, Ala. Code §§ 8-19-5(2), (3), (5), (7), and (27), et seq.;

b.    The Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. §§ 45.50.471-45.50.561;

c.    The Arizona Consumer Fraud Act, A.R.S. § 44-1522;

d.    The Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-107(a)(1)(10) and 4-88-108(1)(2), et seq.;

e.    The California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq., and the California Unfair Competition Law, Cal. Bus. and Prof. Code, § 17200, et seq.;

f.    The Colorado Consumer Protection Act, Col. Rev. Stat. Ann. §§ 6-1-105(1)(b), (c), (e) and (g), et seq.;

g.    The Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110(b), et seq.;

h.    The Delaware Consumer Fraud Act, Del. Code Ann. Title 6 § 2513, et seq.;

i.     The District of Columbia Consumer Protection Act, D.C. Code §§ 28-3904(a), (d), (e), (f) and (r), et seq.;

j.     The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.204(1), et seq.;

k.     The Georgia Fair Business Practices Act, Ga. Code Ann. §§ 10-1-393(a) and (b)(2), (3), (5), and (7), et seq.;

l.     The Hawaii Deceptive Trade Practices Act, Haw. Rev. Stat. Ann. §§ 481A-3(a)(5), (7) and (12), et seq., and the Hawaii Consumer Protection Act, Haw. Rev. Stat. Ann. § 480-2(a), et seq.;

m.     The Idaho Consumer Protection Act, Idaho Code §§ 48-603(5), (7), (17) and (18), et seq., and Idaho Code § 48-603C, et seq.;

n.     The Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 Ill. Stat. § 505/2, et seq., and the Illinois Uniform Deceptive Trades Practices Act, 815 Ill. Stat. §§ 510/2(a)(5), (7) and (12), et seq.;

o.     The Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-3(a) and (b)(1) and (2), et seq.;

p.     The Iowa Consumer Fraud Act, I.C.A. §§ 714H.3 and 714H.5, et seq.;

q.     The Kansas Consumer Protection Act, Kan. Stat. §§ 50-626(a) and (b)(1)(A)(D) and (b)(3), et seq.;

r.     The Kentucky Consumer Protection Act, Ky. Rev. Stat. §§ 367.170(1) and (2), et seq.;

s.     The Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. § 51:1405(A), et seq.;

t.     The Massachusetts Consumer Protection Act, Ma. Gen. Laws Ann. Ch. 93A § 2(a), et seq.;

u.     The Maine Uniform Deceptive Trade Practices Act, 10 M.R.S.A. §§ 1212(1)(E) and (G), et seq., and the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 207, et seq.;

v.     The Maryland Consumer Protection Act, Md. Code Commercial Law, §§ 13-301(1) and (2)(i)-(ii), and (iv), (5)(i), and (9)(i), et seq.;

w.  The Michigan Consumer Protection Act, M.C.P.L.A.  §§ 445.903(1)(c)(e), (s) and (cc), et seq.;

x.  The Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44, subd. 1(5), (7) and (13), et seq., and the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69, subd. 1, and Minn. Stat. § 8.31, subd. 3(a);

y.  The Mississippi Consumer Protect Act, Miss. Code Ann. §§ 75-24-5(1), (2)(b), (c), (e), and (g), et seq.;

z.  The Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.020(1), et seq.;

aa.  The Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. § 30-14-103, et seq.;

bb.  The Nebraska Consumer Protection Act, Neb. Rev. Stat. § 591602, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-302(a)(5) and (7), et seq.;

cc.  The Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0915(5) and (7), et seq.;

dd.  The New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A:2(v) and (vii), et seq.;

ee.  The New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2, et seq.;

ff.  The New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-2(D)(5)(7) and (14) and 57-12-3, et seq.;

gg.  The New York Business Law, N.Y. Gen. Bus. Law § 349(a);

hh.  The North Carolina Unfair Trade Practices Act, N.C.G.S.A. § 75-1.1(a), et seq.;

ii.  The North Dakota Unlawful Sales or Advertising Practices Act, N.D. Cent. Code § 51-15-02, et seq.;

jj.  The Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §§ 1345.02(A) and (B)(1) and (2), et seq.;

kk. The Oklahoma Consumer Protection Act, 15 O.S. §§ 753(5), (7) and (20), et seq.;

ll.    The Oregon Unfair Trade Practices Act, Or. Rev. Stat. §§ 646.608(1)(e)(g) and (u), et seq.;

mm. The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-2(4)(v)(vii) and (xxi), and 201-3, et seq.;

nn.    The Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws §§ 6-13.1-1(6)(v), (vii), (xii), (xiii) and (xiv), et seq.;

oo. The South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20(a), et seq.;

pp. The South Dakota Deceptive Trade Practices Act and Consumer Protection Act, S.D. Codified Laws § 37-24-6(1), et seq.;

qq. The Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-104(a), (b)(2), (3), (5), and (7), et seq.;

rr. The Texas Deceptive Trade Practices Consumer Protection Act, V.T.C.A., Bus. & C. §§ 17.46(a), (b)(5) and (7), et seq.;

ss. The Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13-11-4(1), (2)(a), (b), and (i) et seq.;

tt. The Vermont Consumer Fraud Act, 9 V.S.A. § 2453(a), et seq.;

uu. The Virgin Islands Consumer Protection Law, V.I. Code Ann. tit. 12A, § 101, et seq.;

vv. The Virginia Consumer Protection Act, Va. Code Ann. §§ 59.1-200(A)(5)(6) and (14), et seq.;

ww. The Washington Consumer Protection Act, Wash. Rev. Code § 19.86.020, et seq.;
xx. The West Virginia Consumer Credit and Protection Act, W.V.A. Code § 46A-6-104, et seq.; and

yy. The Wyoming Consumer Protection Act, Wyo. Stat. Ann. §§ 40-12-105(a), (i), (iii) and (xv), et seq.

163.     By this Cause of Action, Wells plead on behalf of the Class violations of all the foregoing consumer and deceptive trade practice laws.

## NINTH CAUSE OF ACTION
### FRAUD

164.     Wells re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

165.     Upon discovering that their Samsung washing machine was subject to recall, Wells quickly contacted Samsung to repair their washing machine. Samsung represented in their recall notice that they would repair any washing machine subject to the recall free of charge to the consumers, including Wells.

166.     On three different occasions, Wells contacted Samsung seeking to have their Samsung washing machine repaired, and on each of those occasions, Samsung scheduled an appointment to repair the washing machine, only to not show up at the appointed time.

167.     Upon information and belief, Samsung had no intention of keeping their representation that they would repair Wells' defective washing machine, as it is in Samsung's financial interest to force Wells and other members of the class to use Samsung's proffered rebate of $250 to purchase a new Samsung washing machine, or using Samsung's proffered rebate of $150 to purchase another brand of washing machine as the cost of the rebate is less expensive than the cost of repair to the recalled Samsung washing machines.

168.     At the time Samsung made the representation that they would repair the recalled washing machines, they were fully aware of the cost savings they would receive

by "encouraging" owners of recalled washing machines, including Wells, to take the proffered rebate rather than having their current washing machine repaired. As a result, they intentionally made it difficult, if not impossible, for Wells and other members of the Class to have their Samsung washing machines repaired in the hopes that individuals would choose to accept the rebate option instead.

169.    As a result of Samsung's fraud, Wells and the class are entitled to full compensation for the loss of their Samsung washing machine including time lost in seeking to have the washing machine repaired and time and money spent finding other means to wash their belongings while they waited for Samsung to repair their recalled washing machine.

**WHEREFORE,** Wells individually and on behalf of the above defined Class, by and through counsel, pray the Court grant the following relief:

A.    An Order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.    An Order appointing Wells as representatives for the Class and appointing his counsel as lead counsel for the Class;

C.    An order awarding Wells and all other Class Members damages in an amount to be determined at trial for the wrongful acts of Samsung described herein;

D.    An Order enjoining Samsung, its agents, successors, employees, and other representatives from engaging in or continuing to engage in the manufacture, marketing, and sale of the defective Recalled Washing Machines; requiring Samsung to issue corrective actions including notification, recall, service bulletins, and fully-covered

replacement parts and labor, or replacement of the Recalled Washing Machines; and requiring Samsung to preserve all evidence relevant to this lawsuit and notify Recalled Washing Machine owners with whom it comes in contact of the pendency of this and related litigation;

     E.     Restitution as authorized by law;

     F.     Payment to the Class of all damages associated with the replacement of the defective products and parts, in an amount to be proven at trial;

     G.     An assessment of punitive damages, consistent with the actual harm Samsung has caused and the reprehensibility of its wanton and willful conduct, and the need to punish and deter such conduct;

     H.     An order awarding attorney's fees pursuant to applicable Federal and State law;

     I.     Interest as provided by law, including but not limited to pre judgment and post-judgment interest as provided by rule or statute; and

     J.     Any and all other and further relief as this Court deems just, equitable, or proper.

DATED:  January 13, 2017     /s/ *William B. Federman*
     **FEDERMAN & SHERWOOD**
     William B. Federman (Bar No. 2853)
     10205 North Pennsylvania
     Oklahoma City, Oklahoma 73120
     Telephone: (405) 235-1560
     Facsimile:  (405) 239-2112
     wbf@federmanlaw.com

     *Attorneys for Plaintiff*